## HARRIS v. AIR CONDITIONING CORPORATION.

Circuit Court, Dade County.

January 26, 1954.

200

Durand A. Holladay, Miami, for plaintiff.

Patton & Kanner, Miami, for defendant.

STANLEY MILLEDGE, Circuit Judge.

The defendant moved for a directed verdict and, pursuant to common law rule 40, I reserved decision. A verdict for the plaintiff was returned. Within ten days thereafter the defendant moved to have the verdict set aside and to have judgment entered in accordance with its motion for a directed verdict.

The evidence in this case will not support the proposition that the parties orally agreed to abrogate the prior written contract under seal and substituted a new and independent contract. At best the contract sued on was the original written one as subsequently modified by parol so as to grant an exclusive franchise of one of many articles included in the written franchise contract, the remainder of which continued as non-exclusive items, and all of the other many provisions of the written contract retained.

Whatever may be the rule generally, in Florida a written contract under seal may not be modified or amended by subsequent parol agreement. Masser v. London Operating Co. (Fla.), 145 So. 79.

Moses v. Woodward was decided before the Masser case, but the opinion on rehearing was published after the Masser case (in 147

So. 690). This opinion does not mention the Masser case but, by implication, appears to modify the previous conclusion. This case decided that "a written agreement may be modified by a subsequent oral agreement if the latter has been accepted and acted upon by the parties in such a manner as would work a fraud on either party to refuse to enforce it." Perhaps the Court meant this exception to be limited to written contracts *not under seal* and, on this distinction, considered a reference to the Masser case unnecessary. Since I am not sure that this is the case and on the assumption that even a sealed contract is subjected to the exception, I wish to consider the matter on that basis.

The idea expressed in the Moses case is similar to the exception in statute of fraud cases (as to land contracts) where (sometimes) performance takes the case out of the statute. Performance, such as paying the price and going into possession, accomplished this when the acts of the parties are referrable to the alleged contract alone and not to some other legal relationship. Thus a tenant, already in possession under the lease, cannot show his possession as performance under an alleged contract for the sale of the land.

The present type of case also deals with a substantive rule of law which seeks to restrict modification of written contracts and for the same reason—the ease with which fraud can be perpetrated in contending against the writing. But a rule to prevent fraud may itself (under exceptional circumstances) work a fraud. If, in the present case, we could look at the testimony (of course from the plaintiff's point of view) and conclude that the actions of the parties are consistent with the supposition of an exclusive franchise on ice cube makers and inconsistent with the non-exclusive written franchise, then we would have what the Court was talking about in the Moses case. Actually, the evidence is quite as consistent with one hypothesis as the other. I must repeat that I am not considering the defendant's contentions of fact at all. It is clear to me that it works no fraud on the plaintiff to exclude his attempts to modify the written contract and to hold him to the writing. This requires that the defendant's motion to set aside the verdict and enter judgment for it, be granted. This I do, and judgment on the merits in favor of the defendant, with costs, is hereby entered. Excution may issue against the plaintiff for costs, hereafter to be taxed on motion.

The defendant also, and in the alternative, moved for a new trial. This I would grant, as the verdict is against the weight of the evidence and contrary to justice, but the judgment on motion for directed verdict makes this unnecessary.